**In the United States District Court
District of South Carolina
Aiken Division**

| | |
|---|---|
| **Marvin Timothy Oerman,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | **Complaint**     1:10-1926-MBS-JRM |
| vs. ) | |
| ) | **42 U.S.C. § 1981** |
| **Wackenhut Services, Inc.** ) | |
| ) | **Jury Trial Demanded** |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff now amends as a matter of right and would respectfully show as follows:

1. Plaintiff is a resident of Aiken County, South Carolina.

2. Defendant is a foreign corporation doing business in Aiken County, South Carolina including the Savannah River Site (SRS) at which Plaintiff has been employed known as WSI-SRS.

3. Plaintiff is a long-time employee of Defendant.

4. Plaintiff was a manager in Defendant's training division.

5. Defendant maintained three managers in the training division: Plaintiff, a white male, a white female, and a black male.

6. In or around early 2010, Defendant began discussing a reorganization throughout the company's operations at WSI-SRS.

7. One of Defendant's executives informed Plaintiff that, because WSI-SRS had its only black director transfer, WSI-SRS's general manager was under pressure to bring in another black director. Defendant's executives also told Plaintiff on more than one occasion that Defendant's general manager had decided to increase the

representation of minorities at the managerial and supervisory levels to compensate for the fact that upper management contained only white males.

8. Because of a problem in another area of the training division (headed by the black male), Defendant's general manager promoted another minority to the manager level, increasing the number of managers to four at a time when management was saying there were plans to reduce the number of managers. This left the black male essentially without a position. Defendant, however, did not demote or lay off the black male.

9. Defendant's agents informed Plaintiff that the general manager would retain minorities at the manager level in the training department.

10. Plaintiff expressed an interest to remain as a manager.

11. Plaintiff had performed well in his managerial role and consistently received excellent performance appraisals. His own superior told him that he was the best manager in the training division.

12. Defendant demoted Plaintiff and retained three managers, including the black male and the other minority male. In other words, there was no reduction in headcount at the managerial level within the training department. Defendant simply replaced Plaintiff with a non-white person as part of its stated effort to, in its view, compensate for the lack of minorities at the executive level by increasing the number of minorities in management and supervision.

13. Despite Plaintiff's experience and work record, Defendant informed him that he was not even considered for a manager position because of his race.

14. Subsequent to Plaintiff's demotion, Defendant has reaffirmed that the decision was made on account of Plaintiff's race.

15. Plaintiff's demotion constitutes a material diminution in position and stature, is causing a reduction in pay and benefit, and will continue to impact Plaintiff's career and ability to progress.

16. Defendant's actions towards Plaintiff are consistent with its pattern and practice during the WSI-SRS reorganization which targeted and impacted white males in a discriminatory and adverse manner.

17. Defendants' actions have been willful and in reckless disregard of the rights of Plaintiff.

18. Defendants have intentionally discriminated against Plaintiff on account of his race.

WHEREFORE, Plaintiff respectfully requests a trial by jury on his claim of racial discrimination in violation of 42 U.S.C. § 1981 and that he be awarded all available relief including, but not limited to, a declaratory judgment that the acts and practices of the Defendants complained of herein are in violations of the laws of the United States, injunctive relief including reinstatement and actual damages, which resulted from the unlawful discrimination complained of herein, compensatory and punitive damages, attorneys fees, expenses, and costs, and all other and further relief as to this Court appears necessary and proper.

Respectfully submitted this 26th day of July, 2010

                                s/ Brian P. Murphy

                                Brian P. Murphy
                                Bar No. 6770

Brian Murphy Law Firm, PC
514 Pettigru Street
Greenville, SC 29601
Phone:       (864) 370-9400
Fax:         (864) 241-1386